# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 26, 2007

Sheryl Gandel Mazur
195 Fairfield Avenue
Suite 2C
West Caldwell, NJ 07006

    (*Attorney for Plaintiff*)

Jennifer Susan Rosa
Office of the US Attorney
26 Federal Plaza
Room 3904
New York, NY 10278

    (*Attorney for Defendant*)

    **RE:**    **Bastian v. Commissioner of Social Security**
            **Civ. No. 06-4580 (WJM)**

Dear Counsel:

    Plaintiff Patricia Bastian ("Bastian") seeks review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security disability benefits.  Bastian asserts that the ALJ committed three errors: (1) finding that Bastian's subjective complaints of pain were not credible, (2) failing to consult the Department of Labor's Dictionary of Occupational Titles ("DOT") when determining whether Bastian could return to her past employment, and (3) failing to consult the Social Security Administration's Medical-Vocational Guidelines ("Grids") when determining whether Bastian could perform other work available in the national economy.  This Court upholds the ALJ's

finding that Bastian's subjective complaints were not credible and finds no error in the ALJ's refusal to consult the Grids.  This Court agrees with Bastian that the ALJ should have consulted the DOT, but this error is harmless.  Accordingly, the Commissioner's decision is **AFFIRMED**.

## Facts and Proceedings

Bastian's disabilities arose from her involvement in a car accident.  (R. 509.)  The accident exacerbated a preexisting back condition, and as a result Bastian now has various herniations and bulges in the disks of both her lower and upper spine, causing back pain and nerve irritation.[1]  (R. 604.)  Bastian also sustained minor injuries to her right knee and ankle.[2]  These injuries have caused Bastian extensive back and leg pain (R. 453–60, 517–25), which in turn have caused Bastian to become depressed (R. 486–89, 518).[3]  As a result of this pain and depression, Bastian was fired from her job as an administrative assistant.  (R. 601–03, 645–46.)

Upon being fired, Bastian filed an application with the Commissioner for disability benefits.  (R. 177–79.)  The Commissioner denied Bastian's application (R. 45–47), and Bastian requested a hearing before an ALJ (R. 54).  At this hearing, the ALJ received testimony from four witnesses.[4]  (R. 587–663.)  Bastian and her husband both testified that Bastian's back and leg pain precluded prolonged sitting, standing, or walking and that Bastian was accordingly unable to routinely engage in household, social, or job-related activities.  (R. 600–28.)  In contrast, medical expert Dr. Harold Bernanke testified that Bastian's medical records did not evidence serious impairments and that Bastian was able to perform sedentary work without prolonged standing.  (R. 635–44.)  Also, vocational expert ("VE") Donald Slive testified that Bastian could return to work either as an administrative assistant or in a new job performing routine, sedentary, low-contact work.  (R. 490–92; 645–62.)

Following this hearing, the ALJ denied Bastian's application.  (R. 11–24.)  The ALJ found that Bastian was able to return to work as an administrative assistant and that she could also perform other work available in the national economy.  (R. 22–23.)  The ALJ relied

---

[1]Specifically, Bastian's impressions include small spondylotic changes at C4-C5, C5-C6, and C6-C7 (R. 447–48), annular bulges and stenosis at L3-L4, L4-L5, and L5-S1 (R. 441–42), and disk degeneration and radiculopathy at L5-S1 (R. 441–42, 524–25).

[2]Specifically, Bastian's impressions include knee joint effusion, degeneration of the medial meniscus (R. 284), and posterior tibial tendonitis (R. 457).

[3]Bastian also suffers from tachycardia and heart palpitations, but these conditions are sporadic and not serious and do not affect Bastian's ability to work.  (R. 17–18.)

[4]This hearing was actually Bastian's second hearing before an ALJ on her application for benefits.  (R. 664–92.)  The details and resolution of the first hearing are not relevant to this review.  (R. 34–44, 108, 123–30, 132–35.)

principally on the VE's testimony. (R. 21–23.) The ALJ refused to credit Bastian's subjective testimony about her pain, finding that it was not corroborated by medical evidence. (R. 22.) Also, the ALJ did not directly consult either the DOT or the Grids.

Bastian filed a request for review of this decision with the Appeals Council, which was denied. (R. 7–10.)

Having exhausted her administrative options, *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002), Bastian now seeks review of the ALJ's decision in this Court. She asserts that the ALJ erred in three ways: (1) by refusing to credit her subjective testimony of pain and disability, (2) by failing to reconcile the VE's testimony that Bastian could work as an administrative assistant with the DOT's description of that job, and (3) by failing to apply the Grids when determining whether Bastian was capable of performing other available jobs. (Pl.'s Br. 7–13.) This Court exercises review pursuant to 42 U.S.C. § 405(g) (2000).

## Standard of Review

In reviewing the ALJ's decision, this Court is bound by factual findings that are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). This Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). The requirement that factual findings are supported by substantial evidence is not onerous, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

## Discussion

The Social Security Administration has promulgated a five-step evaluation process to determine whether a claimant is disabled. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) ; *see* 20 C.F.R. § 404.1520 (2007). First, if the claimant is currently engaged in substantial gainful activity, she is not disabled. § 404.1520(a)(4)(i). Second, if the claimant does not suffer from a "severe" impairment, she is not disabled. § 404.1520(a)(4)(ii). Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, she is disabled. § 404.1520(a)(4)(iii). Fourth, if the claimant retains the "residual functional capacity" ("RFC") to perform her past relevant work, she is not disabled. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant retains the RFC to perform other work, she is not disabled. § 404.1520(a)(4)(v).

With respect to the first three prongs, the ALJ found and the parties agree that (1) Bastian is not currently engaged in substantial gainful activity, (2) she suffers from severe back problems and depression, and (3) her impairments are not listed in appendix 1 of 20 C.F.R. part 404, subpart P. (R. 17–21; Pl.'s Br.; Def.'s Br. 8–9.) The question is thus whether the ALJ properly determined, at steps four and five, that Bastian retains the RFC to work as an administrative assistant and in other jobs existing in the national economy. (Pl.'s Br.)

### A. The ALJ's Refusal to Credit Bastian's Subjective Testimony

Bastian claims that the ALJ lacked substantial support for his finding that Bastian's subjective testimony of pain was not credible. (Pl.'s Br. 12–13.) This Court disagrees.

The responsibility to ascertain and weigh the credibility of a claimant's testimony lies primarily with the ALJ. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ may refuse to credit a claimant's testimony as long as this finding has substantial support from objective medical evidence. *Id.* To be sure, a claimant's subjective testimony about her pain is entitled to substantial weight. *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993). Nevertheless, this Court will defer to the ALJ's assessment if it is supported by evidence. *Id.*

Here, ample evidence supported the ALJ's refusal to credit Bastian's testimony. At least one doctor whom Bastian had visited opined that her subjective complaints did not comport with the objective medical evidence and that Bastian could thus return to work. (R. 332.) Several other doctors whom Bastian has visited over the past several years similarly noted that while Bastian's pain appeared real, it did not appear substantial. (R. 424–26, 453–55, 458–61, 516–26.) And Dr. Bernanke testified that Bastian's impairments were not severe enough to keep her from working. (R. 644.) Of course, there is evidence that supports Bastian's testimony, most notably the testimony of her husband that Bastian was unable to routinely perform household or social tasks. (R. 619–28.) Nevertheless, it is not this Court's duty to weigh the evidence before the ALJ. *Williams*, 970 F.2d at 1182. The ALJ's refusal to credit Bastian's subjective testimony finds substantial support in the record, and this Court will thus not disturb it.

### B. The ALJ's Failure to Reconcile the VE's Testimony with the DOT

Bastian claims that the ALJ lacked substantial support for his finding that Bastian could return to work as an administrative assistant. (Pl.'s Br. 7–11.) Specifically, Bastian argues that the ALJ failed to reconcile the VE's testimony that Bastian could work as an administrative assistant with the DOT's description of that job. (Pl.'s Br. 7–11.)

Bastian's argument has merit (although it is ultimately moot, as explained in the next section). In social security hearings, evidence provided by a VE should be consistent with the DOT. S.S.R. 00-4p (December 4, 2000), *quoted in Rutherford*, 399 F.3d at 556. Where it is not, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE . . . to support a determination or decision about whether the claimant is disabled." S.S.R. 00-4p. Failure to reconcile these sources may result in remand if no other substantial evidence supports the ALJ's determination. *See Rutherford*, 399 F.3d at 557.

Here, the VE's testimony was inconsistent with the DOT. The VE assumed that Bastian was able to perform simple, routine tasks. (R. 490–92, 645–47.) On this assumption, the VE testified that Bastian was able to work as an administrative assistant. (R. 647.) But the DOT description of that job indicates that it requires sophisticated reasoning skills. For example, the

DOT states that the job of administrative assistant requires the assistant to "[i]nterpret an extensive variety of technical instructions in mathematical or diagrammatic form." U.S. DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES 169.167-010 & app. C (4th ed., rev. 1991). This apparent inconsistency should have registered with the ALJ, who should have required the VE to reconcile his testimony with the DOT.[5]

The ALJ's failure to do so might have required remand, if his finding that Bastian can work as an administrative assistant was not otherwise supported by substantial evidence. *See Rutherford*, 399 F.3d at 566. Indeed, it appears that it was not, given that the ALJ relied almost exclusively on the VE's testimony to support this finding. (R. 22–23.) This question is moot, however, since even if Bastian were unable to perform her old job, she may perform other jobs available in the national economy, as explained below.

### C. The ALJ's Refusal to Apply the Grids

Bastian argues that the ALJ lacked substantial support for his finding that Bastian could perform other available work in the national economy. (Pl.'s Br. 11–12.) Specifically, Bastian argues that when making this determination, the ALJ should have applied the Grids. (Pl.'s Br. 11–12.). Bastian observes that instead, the ALJ relied solely upon the VE's testimony that Bastian could perform other work available in the national economy. (Pl.'s Br. 11–12; R. 23.)

The ALJ's refusal to consider the Grids was proper. Although ALJs should normally at least consult the Grids when making determinations under step five in the disability evaluation process, *see Sykes*, 228 F.3d at 266–67, the Grids are inapplicable where the claimant's disability results from an inability to maintain both sitting and standing postures for extended periods of time. *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 120 (3d Cir. 1995); *see* S.S.R. 83-12 (Cum. Ed. 1983). This is because such a claimant's RFC does not fit neatly into the Grids' categorization of claimants by RFCs.[6] Rather, whether a claimant whose

---

[5]Bastian argues that the VE's testimony was further inconsistent with the DOT because the VE assumed she was limited to low-contact work but the DOT states that the job of administrative assistant requires significant personal contact. (Pl.'s Br. 9.) This argument is without merit. The DOT actually states that the job of administrative assistant requires only a low level of personal contact. U.S. DEP'T OF LABOR, *supra*, 169.167-010 & app. B. Thus there is no apparent inconsistency in the level of personal contact that the VE assumed Bastian can endure and the DOT requirements for the job of administrative assistant.

[6]The Grids categorizes claimants by their RFC as being eligible for "sedentary work," "light work," "medium work," or "heavy work." 20 C.F.R. pt. 404, subpt. P, app. 2 (2007). Social Security Ruling 83-12 recognizes that if a claimant's disability prevents extended periods of both sitting and standing, "[s]uch an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work . . . or the prolonged standing

disability prevents both pronged sitting and prolonged standing may perform work available in the national economy is preferably determined through the testimony of a VE. *Jesurum*, 48 F.3d at 121.

Here, the ALJ properly ignored the Grids. The heart of Bastian's disability claim is that her back and leg injuries make it painful for her to sit or stand for prolonged periods. Bastian testified to this at length (R. 598–614), and the ALJ acknowledged it in his decision (R. 21). Accordingly, it would have been "inappropriate" for the ALJ to apply the Grids when determining whether Bastian could perform other work in the national economy. *Id.* at 120.

### Conclusion

For the foregoing reasons, the decision of the ALJ is **AFFIRMED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

---

or walking contemplated for most light work."