# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

April 29, 2008

Sheryl Gandel Mazur
195 Fairfield Avenue
Suite 2C
West Caldwell, NJ 07006

    (*Attorney for Plaintiff*)

Jennifer Susan Rosa
Office of the US Attorney
26 Federal Plaza
Room 3904
New York, NY 10278

    (*Attorney for Defendant*)

    RE:    **Bastian v. Commissioner of Social Security**
                **Civ. No. 06-4580 (WJM)**

Dear Counsel:

    Plaintiff Patricia Bastian moves this Court to reconsider its Order of October 26, 2007, affirming the Commissioner of the Social Security Administration's decision to

deny Bastian Social Security disability benefits.[1]  Bastian argues the Court erred by determining that the ALJ properly declined to consult the Social Security Administration's Medical-Vocational Guidelines ("Grids").  The Court now affirms its earlier holding, so Bastian's motion is **DENIED**.

## Facts and Proceedings

Bastian's disabilities arose from her involvement in a car accident.  (R. 509.)  The accident exacerbated a preexisting back condition, and as a result Bastian now has various herniations and bulges in the disks of both her lower and upper spine, causing back pain and nerve irritation.[2]  (R. 604.)  Bastian also sustained minor injuries to her right knee and ankle.[3]  These injuries have caused Bastian extensive back and leg pain (R. 453–60, 517–25), which in turn have caused Bastian to become depressed (R. 486–89, 518).[4]  As a result of this pain and depression, Bastian was fired from her job as an administrative assistant.  (R. 601–03, 645–46.)

Upon being fired, Bastian filed an application with the Commissioner for disability benefits.  (R. 177–79.)  The Commissioner denied Bastian's application (R. 45–47), and Bastian requested a hearing before an ALJ (R. 54).  At this hearing, the ALJ received

---

[1] Bastian actually moves pursuant to Federal Rule of Civil Procedure 60(b)(6), but this rule will not provide the relief Bastian seeks.  Rule 60(b)(6) allows relief from judgment only in extraordinary circumstances whereas Bastian merely asserts that the Court committed an error of law.  *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (holding that motions for relief from judgment should be granted only if extraordinary justifying circumstances are present).  Rather, the Court treats Bastian's motion as a motion for reconsideration under Local Rule of Civil Procedure 7.1(i), which allows the Court to reconsider its own decisions to correct manifest errors of law.  Local R. Civ. P. 7.1 cmt. 6(e).

[2] Specifically, Bastian's impressions include small spondylotic changes at C4-C5, C5-C6, and C6-C7 (R. 447–48), annular bulges and stenosis at L3-L4, L4-L5, and L5-S1 (R. 441–42), and disk degeneration and radiculopathy at L5-S1 (R. 441–42, 524–25).

[3] Specifically, Bastian's impressions include knee joint effusion, degeneration of the medial meniscus (R. 284), and posterior tibial tendonitis (R. 457).

[4] Bastian also suffers from tachycardia and heart palpitations, but these conditions are sporadic and not serious and do not affect Bastian's ability to work.  (R. 17–18.)

testimony from four witnesses.[5]  (R. 587–663.)  Bastian and her husband both testified that Bastian's back and leg pain precluded prolonged sitting, standing, or walking and that Bastian was accordingly unable to routinely engage in household, social, or job-related activities.  (R. 600–28.)  In contrast, medical expert Dr. Harold Bernanke testified that Bastian's medical records did not evidence serious impairments and that Bastian was able to perform sedentary work without prolonged standing.  (R. 635–44.)  Also, vocational expert ("VE") Donald Slive testified that Bastian could return to work either as an administrative assistant or in a new job performing routine, sedentary, low-contact work.  (R. 490–92; 645–62.)

Following this hearing, the ALJ denied Bastian's application.  (R. 11–24.)  The ALJ found that Bastian was able to return to work as an administrative assistant and that she could also perform other work available in the national economy.  (R. 22–23.)  The ALJ relied principally on the VE's testimony.  (R. 21–23.)  The ALJ refused to credit Bastian's subjective testimony about her pain, finding that it was not corroborated by medical evidence.  (R. 22.)  Also, the ALJ did not directly consult either the DOT or the Grids.

Bastian filed a request for review of this decision with the Appeals Council, which was denied.  (R. 7–10.)

Having exhausted her administrative options, *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002), Bastian then sought review of the ALJ's decision in this Court.  She asserted, inter alia, that the ALJ erred by failing to apply the Grids when determining whether Bastian was capable of performing other jobs.  (Pl.'s Br. 7–13.)  This Court affirmed the ALJ's decision, holding, inter alia, that the ALJ properly declined to apply the Grids.  *Bastian v. Comm'r of Soc. Sec.*, No. 06-4580 (D.N.J. Oct. 26, 2007) (letter opinion affirming ALJ).  This Court reasoned that under Third Circuit case law, the Grids are inapplicable where, like here, the claimant's disability results from an inability to maintain sitting and standing postures for extended periods of time.  *Id.*

Bastian now moves this Court to reconsider its holding that the ALJ properly declined to apply the Grids.  Bastian argues that the evidence did not support a finding that she suffers from a "sit-stand limitation."  (Pl.'s Mot. for Relief 4.)  The Court disagrees.

---

[5]This hearing was actually Bastian's second hearing before an ALJ on her application for benefits.  (R. 664–92.)  The details and resolution of the first hearing are not relevant to this review.  (R. 34–44, 108, 123–30, 132–35.)

3

**Discussion**

The Social Security Administration has promulgated a five-step evaluation process to determine whether a claimant is disabled. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) ; *see* 20 C.F.R. § 404.1520 (2007). First, if the claimant is currently engaged in substantial gainful activity, she is not disabled. § 404.1520(a)(4)(i). Second, if the claimant does not suffer from a "severe" impairment, she is not disabled. § 404.1520(a)(4)(ii). Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, she is disabled. § 404.1520(a)(4)(iii). Fourth, if the claimant retains the "residual functional capacity" ("RFC") to perform her past relevant work, she is not disabled. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant retains the RFC to perform other work, she is not disabled. § 404.1520(a)(4)(v).

At the fifth step, the ALJ should generally refer to the Grids when determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1569. The Grids comprise a group of clear rules that dictate a finding of disabled or not disabled based on a claimant's vocational factors (age, education, and work experience) and individual RFC. *See* 20 C.F.R. pt. 404, subpt. P, app. 2.

Although ALJs should normally at least consult the Grids when making determinations under step five in the disability evaluation process, *see Sykes*, 228 F.3d at 266–67, the Grids are inapplicable where the claimant's disability results from an inability to maintain both sitting and standing postures for extended periods of time. *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 120 (3d Cir. 1995); *see* S.S.R. 83-12 (Cum. Ed. 1983). This is because such a claimant's RFC does not fit neatly into the Grids' categorization of claimants by RFCs.[6] Rather, whether a claimant whose disability prevents both pronged sitting and prolonged standing may perform work available in the national economy is preferably determined through the testimony of a VE. *Jesurum*, 48 F.3d at 121.

Here, the ALJ properly ignored the Grids. As explained in this Court's previous opinion, the heart of Bastian's disability claim is that her back and leg injuries make it

---

[6]The Grids categorizes claimants by their RFC as being eligible for "sedentary work," "light work," "medium work," or "heavy work." 20 C.F.R. pt. 404, subpt. P, app. 2. Social Security Ruling 83-12 recognizes that if a claimant's disability prevents extended periods of both sitting and standing, "[s]uch an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work . . . or the prolonged standing or walking contemplated for most light work."

painful for her to sit or stand for prolonged periods. At the hearing, Bastian testified that she cannot sit or stand for more than a half hour at a time. (R. 614.) She further explained that standing aggravates her back and ankle pain. (R. 614, 631.) Also at the hearing, Dr. Harold Bernanke, a medical expert, testified that Bastian would be able to perform some sedentary work but only if it did not require prolonged standing. (R. 644.) The ALJ acknowledged this evidence and concluded that during the work day Bastian is able to sit, stand, and walk for only two hours each. (R. 21.) This is precisely the situation described in *Jesurum*. Accordingly, it would have been "inappropriate" for the ALJ to apply the Grids when determining whether Bastian could perform other work in the national economy. *Id.* at 120.

## Conclusion

For the foregoing reasons, Bastian's motion for reconsideration is **DENIED**. An Order accompanies this Opinion.

                                                s/ William J. Martini
                                                **William J. Martini, U.S.D.J.**