# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

May 20, 2009

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, New Jersey 07065

Sheryl Gandel Mazur
195 Fairfield Avenue
Suite 2C
West Caldwell, New Jersey 07006
    (*Attorneys for Plaintiff*)

Jennifer Susan Rosa
Office of the United States Attorney
26 Federal Plaza
Room 3904
New York, New York 10278
    (*Attorney for Defendant*)

      RE: **Bastian v. Commissioner of Social Security**
           **Civ. No. 06-4580 (WJM)**

Dear Counsel:

    This motion comes before the Court on Plaintiff Patricia M. Bastian's motion for an award of attorney's fees, paralegal fees, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Plaintiff seeks fees as the prevailing party in her appeal of the Commissioner's denial of social security benefits. For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**

Plaintiff Bastian filed for disability benefits on January 22, 2001, alleging orthopedic, cardiac, pulmonary and mental impairments, including major depression.  After an initial denial and a series of appeals, Plaintiff's case arrived in this Court.  On October 26, 2007, this Court denied Plaintiff's petition and affirmed the findings of the Commissioner.  Plaintiff then filed a motion for reconsideration,[1] which this Court also denied on April 29, 2008.  At this point, Plaintiff decided to file an appeal with the Third Circuit.  Because her attorney, Sheryl Gandel Mazur was unable to represent her at this stage, Plaintiff Bastian retained attorney James Langton.  After Plaintiff filed her brief with the Third Circuit, the Commissioner filed a motion to remand pursuant to Sentence Four of 42 U.S.C. § 405(g) to allow further proceedings at the administrative level.

II.   **DISCUSSION**

Plaintiff Bastian now moves for attorney's fees and expenses under the Equal Access to Justice Act for services rendered by attorneys Mazur and Langton.  Defendant does not oppose Plaintiff's status as the prevailing party or assert that the government's position was justified.  Defendant also does not challenge the fee rate requested for attorney services.[2]  Rather, Defendant opposes this request, arguing that the fees requested by both attorneys are excessive.

   A.   <u>Standard</u>

The Equal Access to Justice Act ("EAJA") requires a district court to award a "prevailing party" reasonable attorney's fees resulting from the appeal of an adverse decision of the Social Security Administration Commissioner. *See Kadelski v. Sullivan*, 30 F.3d 399 (3d Cir.1994).  The Act permits awards of attorney's fees only to the extent they are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Although counsel are entitled to full compensation for their efforts, '[i]t does not follow that the amount of time actually expended is the amount of time reasonably expended.' " *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C.1986) (*quoting Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1981) (en banc)). To meet this burden, the party must "submit evidence supporting the hours worked and rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

---

[1] While Plaintiff filed her motion pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court construed it as a motion for reconsideration since the relief sought by Plaintiff was unavailable under Rule 60(b)(6).

[2] Defendant does contest the fee charged for paralegal services, arguing that the $100 per hour rate requested by Plaintiff "is above the market rate for paralegal services in New Jersey." Def.'s Opp'n Br. 7.  It bears noting, however, that Defendant provides no citation or statistic to support this assertion.  Since Defendant has not substantiated its claim that this rate is unreasonable, the Court will not reduce the paralegal hourly rate claimed by Ms. Mazur.

2

If a party challenges the fee request, it must identify the portion of the fee request being challenged and state the ground for the challenge. *Bell v. United Princeton Prop.*, 884 F.2d 713, 715 (3d Cir.1989). The court possesses wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." *Id.* at 721. A court may not award less in fees than requested unless the opposing party makes specific objections to the fee request. *U.S. v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir.2000).

### B.     Fee Request by Attorney Mazur

Plaintiff seeks compensation for the following, billed by Ms. Mazur: (1) 47 hours of attorney time at an hourly rate of $175.00; (2) 13.25 hours of paralegal time at an hourly rate of $100.00; and, (3) $350.00 for expenses.  Plaintiff's request regarding attorney Mazur's services totals $9900.00.[3]  Defendant argues that the EAJA fees should be reduced because the fee request is excessive.  The Court agrees in part.

For instance, Defendant states that the 11.25 hours billed by Ms. Mazur for legal research and review of the hearing transcript while briefing the summary judgment motion was excessive, given Ms. Mazur's extensive involvement and familiarity with the case.  Review of the record, however, reveals that about eighteen months transpired between Plaintiff Bastian's hearing before the Commission and the filing of her summary judgment brief.  Given the volume of cases handled by Ms. Mazur and the level of detail put forth in the summary judgment brief, the Court determines in its discretion that the 11.25 hours billed were reasonably expended.

In addition, Defendant argues that Ms. Mazur should not be compensated for the attorney and paralegal time billed on the Rule 60(b) motion filed in this Court, since the motion was denied.  In support of this argument, Defendant cites *Hensley v. Eckerhart*, 461 U.S. 424 (1983).  This argument is without merit.  In *Hensley*, the Court analyzed a fee petition, in which the prevailing party in a civil rights action requested compensation for time spent on unsuccessful claim.  The Court noted:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants – often an institution and its officers, as in this case – counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved.

*Hensley*, 461 U.S. at 434-35 (citation omitted).

---

[3] In her brief, Plaintiff requests $9600.66 in attorney's fees and paralegal fees for Ms. Mazur's services; however, this must be a typo.  By the Court's calculation, 47 attorney hours at a rate of $175 per hour plus 13.25 hours of paralegal time at $100 per hour equals $9550.00.  This figure plus the $350.00 claim in expenses totals $9900.00.

*Hensley* addressed a situation clearly distinguishable from the case at bar – i.e. a multi-count complaint, from which only a small subset of claims succeeded.  Here, Plaintiff Bastian advanced only one claim before this Court.  Her Rule 60(b) motion, while denied by this Court, was part of a successful litigation strategy leading to remand by the Third Circuit.  In light of the remand, it cannot be said that work on the Rule 60(b) motion was unrelated to work on her ultimately successful claim.  As such, this time was "expended in pursuit of the ultimate result achieved," and is compensable under EAJA.[4]  *Id.*

While the Court finds most of Defendant's objections to Plaintiff's requests for fees stemming from Ms. Mazur's services to be without merit, there is one notable exception.  Plaintiff Bastian seeks compensation for hours billed by Ms. Mazur and her paralegal after Ms. Mazur's representation of Plaintiff ended.  As noted above, after Plaintiff decided to appeal to the Third Circuit, "[t]he Law Firm of Alter and Langton performed all services at the Third Circuit Court of Appeals ... level."  Pl.'s Mot. 1 (Docket No. 29).  Consequently, the Court in its discretion deducts those hours listed for work by Ms. Mazur and her paralegal on matters pertaining to the Third Circuit appeal.

After deducting the 1.5 hours of attorney time and 2.25 hours of paralegal time billed after attorney Langton took over the case, Plaintiff is granted $9,412.50 – $9,062.50 in attorney's and paralegal fees[5] and $350.00 for expenses –  based on the services of attorney Mazur.

### C. Fee Request by Attorney Langton

Plaintiff also seeks compensation for the following services, billed by attorney Langton: (1) 54.9 hours of attorney time at an hourly rate of $171.61 (totaling $9,421.00) and (2) $691.00 in costs.  In addition, Plaintiff seeks EAJA fees for an additional 1.75 hours, expended by Mr. Langton while drafting a letter to this Court in response to the Government's opposition brief.

---

[4] In addition, Defendant cites to *Atkins v. Apfel*, 46 F. Supp. 2d 1066 (D. Or. 1993), in which the Court denied EAJA fees to a Plaintiff for his unsuccessful appeal to the Ninth Circuit.  This case is both non-binding and factually distinguishable.  In *Atkins*, the District Court remanded Atkins' denial of benefits action to the Commission for further findings as to Steps Four and Five of the sequential analysis.  Atkins then chose to appeal to the Ninth Circuit, arguing that the District Court should have granted him benefits outright.  When this appeal failed, Atkins moved for EAJA fees and included the time billed for the appeal in his petition.  The District Court denied this request since Atkins received favorable results in the first instance in obtaining the remand.  As such, the subsequent unsuccessful appeal did not advance Atkins' position.  *Id.* at 1067.  Here, Plaintiff Bastian's Rule 60(b) motion, in contrast, was filed before a favorable result was achieved in her case and was part of an ultimately successful litigation strategy that advanced her position.

[5] This $9,062.50 figure was derived as follows:  45.5 hours of attorney time at $175.00 per hour plus 11 hours of paralegal time at $100 per hour.

The Government objects again to the excessiveness of the requested fee, stating that Langton's brief "consisted of three pages of boilerplate argument that is identical to his other briefs filed in cases litigated before the Social Security Administration." Gov. Opp'n Br. 7. Langton billed 23.75 hours for preparation of this brief.

While it bears noting that Langton took on this case very late in the litigation, the Court agrees that 23.75 hours for the drafting of a brief appears excessive. The 14.5 hours billed by Mr. Langton for reviewing and outlining the record should be compensated, particularly since he was unfamiliar with the facts of this litigation prior to taking the case. After taking this substantial time to familiarize himself with the record and the facts of the case, the Court finds that 23.75 hours for drafting and filing the brief is excessive. As such, the Court in its discretion reduces this amount to 13.75 hours, which more accurately reflects a reasonable expenditure of time on this matter.

In addition, the Court finds that Plaintiff is not entitled to EAJA fees for the 1.75 hours spent by Mr. Langton in drafting his correspondence responding to Defendant's opposition brief. The Court had the facts necessary to adjudicate this motion based on Mr. Langton's moving brief. As such, this correspondence did not advance Plaintiff's position regarding Langton's fees.

After taking the above reductions into account, Plaintiff is granted $8,396.29 – $7,705.29 in attorney's fees[6] and $691 in costs under the EAJA for the services rendered by Mr. Langton.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate order follows.

    /s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[6] This $7,705.29 figure was the result of the following calculation:  44.9 hours of attorney time at $171.61 per hour.